**EXHIBIT 2**

ELECTRONICALLY FILED - 2024 Aug 05 4:05 PM - BERKELEY - COMMON PLEAS - CASE#2024CP0802139

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS<br>FOR THE 9th JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY | CIVIL ACTION NO.: 2024-CP- |
| SHERIDAN LIMEHOUSE and SHERITA LIMEHOUSE<br>Plaintiffs<br>v.<br>WAL-MART STORES EAST, LP<br>Defendant. | **SUMMONS**<br>**(JURY TRIAL REQUESTED)** |

**TO: DEFENDANT ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the attorney for the Plaintiff, David S. Eichholz, Esq., at 319 Eisenhower Drive, Savannah, Georgia 31406, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint with the aforesaid, judgment by default will be rendered against you for the relief demanded in said Complaint.

**THE EICHHOLZ LAW FIRM, P.C.**

By: s/ David S. Eichholz

David S. Eichholz (SC Bar No. 78511)
319 Eisenhower Drive
Savannah, Georgia 31406
Tel.: (912) 232-2791 Fax: (912) 629-2560
david@thejusticelawyer.com
ATTORNEY FOR PLAINTIFFS

August 5, 2024
Savannah, Georgia

**EXHIBIT 2**

ELECTRONICALLY FILED - 2024 Aug 05 4:05 PM - BERKELEY - COMMON PLEAS - CASE#2024CP0802139

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF BERKELEY | IN THE COURT OF COMMON PLEAS<br>FOR THE 9th JUDICIAL CIRCUIT<br><br>CIVIL ACTION NO.: 2024-CP- |
| SHERIDAN LIMEHOUSE and SHERITA LIMEHOUSE<br>Plaintiffs<br>v.<br>WAL-MART STORES EAST, LP<br>Defendant. | **COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

COMES NOW SHERIDAN LIMEHOUSE and SHERITA LIMEHOUSE, Plaintiffs in the above-captioned matter, by and through their undersigned attorney and complaining of Defendant above-named, would allege and show unto the Court the following:

**PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS**

1. That the parties hereto, the subject matter hereof, and all matters and things hereinafter alleged are within the jurisdiction of this Honorable Court.

2. That Plaintiff, Sheridan Limehouse, (hereinafter referred to as "Plaintiff") was and is at all times material to this Complaint, a resident of the County of Berkeley, State of South Carolina.

3. That, upon information and belief, the Defendant, Wal-Mart Stores East, LP d/b/a Wal-Mart Supercenter #2928 (hereinafter referred to as "Wal-Mart"), was and is at all times material to this Complaint, a foreign limited partnership organized and existing under the laws of Delaware, and that all time herein was authorized to conduct business and does conduct business within the County of Berkeley, State of South Carolina, pursuant to S.C. Code Ann. § 36-2-803

**EXHIBIT 2**

ELECTRONICALLY FILED - 2024 Aug 05 4:05 PM - BERKELEY - COMMON PLEAS - CASE#2024CP0802139

(1976 & Supp. 1997).

4. That, upon information and belief, the Defendant, Wal-Mart Stores East, LP, owns and maintains the premises of the Wal-Mart Supercenter #2928, located in the County of Berkeley, State of South Carolina.

5. That, upon information and belief, at all times relevant hereto, the Defendant, Wal-Mart Stores East, Inc. operates the Wal-Mart Supercenter store in question.

6. That, upon information and belief, at all times relevant hereto, the Defendant, Wal-Mart Stores East, LP employed "associates" who acted as the agents, servants and/or employees of the Defendant at the Wal-Mart Supercenter in question. At all times the associates were acting within the course and scope of their employment, thereby making Defendant liable for their acts and omissions under the doctrine of *respondeat superior*.

7. That, upon information and belief, at the time of the subject incident, the Defendant, Wal-Mart Stores East, LP, was operating and conducting business as Wal-Mart Supercenter, Store #2928, located at 605 St. James Avenue, Goose Creek, South Carolina 29445 in the County of Berkeley, State of South Carolina, for the purposes of selling general merchandise, including but not limited to, household goods, home décor, grocery items, electronics, pharmacy supplies and other general goods for public purchase and consumption.

8. That the subject incident occurred in the County of Berkeley, State of South Carolina.

9. That the Court has jurisdiction over the subject matter and issues in controversy.

**STATEMENT OF FACTS**

10. On or about September 28, 2021, Plaintiff was an invitee of the Defendant Wal-Mart on the premises located at 605 St. James Avenue, Goose Creek, South Carolina 29445.

**EXHIBIT 2**

ELECTRONICALLY FILED - 2024 Aug 05 4:05 PM - BERKELEY - COMMON PLEAS - CASE#2024CP0802139

11. On or about September 28, 2021, a liquid substance obstructed customer traffic on the premises of Defendant Wal-Mart.

12. The liquid substance on the floor of Defendant Wal-Mart's premises constituted a dangerous and unsafe condition.

13. Plaintiff Sheridan Limehouse, while on the premises of Defendant Wal-Mart, slipped in the aforementioned liquid substance and fell on the floor.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence-as to Defendant)**

14. Plaintiff hereby incorporates by reference paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Plaintiff Sheridan Limehouse was an invitee and patron of the Defendant Wal-Mart on September 28, 2021.

16. Defendant Wal-Mart owed a duty to Plaintiff to exercise ordinary care in keeping the premises and approaches safe.

17. Defendant Wal-Mart breached this duty by failing to properly maintain and keep the store's floor free from any potential hazards.

18. Defendant Wal-Mart failed to exercise diligence toward making the premises safe to the standards that one would be accustomed to.

19. Defendant Wal-Mart had actual and constructive knowledge of the hazardous, dangerous and unsafe condition. Defendant Wal-Mart, through its agents or employees, was in the immediate area of the hazardous condition and could have easily seen the liquid substance on the floor which would cause injury to a patron.

20. On or about September 28, 2021, the Defendant Wal-Mart did not take any action

EXHIBIT 2

ELECTRONICALLY FILED - 2024 Aug 05 4:05 PM - BERKELEY - COMMON PLEAS - CASE#2024CP0802139

to rectify this dangerous condition, or to keep customers from passing over the section of the floor where the obstruction was located, or to alert customers of the dangerous condition, prior to the time that Sheridan Limehouse slipped and fell.

21. The premises of Defendant Wal-Mart were negligently maintained by the Defendant and its agents and employees on September 28, 2021, and more particularly, Defendant was negligent in the failure to exercise ordinary care in keeping the premises and approaches safe.

22. Plaintiff, Sheridan Limehouse, had no knowledge of the existence of the dangerous and unsafe condition.

23. All times herein mentioned, Defendant Wal-Mart was in control and custody of said premises.

24. Defendant Wal-Mart's negligence proximately caused the injuries, losses and damages suffered by the Plaintiff.

25. Plaintiff Sheridan Limehouse sustained substantial and serious injuries, mental and physical, all of which have caused him extreme mental and physical pain and suffering, and he is entitled to recover from the Defendant Wal-Mart for his past, present, and future pain and suffering.

26. As a direct and proximate result of the negligence and negligence *per* se of Defendant, Plaintiff Sheridan Limehouse has suffered mental and physical injuries requiring medical treatment and will continue to suffer the following:

(a) Past, present, and future physical and mental pain and suffering;

(b) Past, present, and future loss of enjoyment of life;

(c) Past, present, and future loss of earnings and income; and

ELECTRONICALLY FILED - 2024 Aug 05 4:05 PM - BERKELEY - COMMON PLEAS - CASE#2024CP0802139

(d) Past, present and future loss of ability to labor and earn money, as well as other damages.

27. Plaintiff Sheridan Limehouse should be awarded compensatory damages from the Defendant for his general and special losses in an amount to be determined according to the enlightened consciences of fair and impartial jurors.

28. As a direct and proximate result of the negligence and negligence *per se* of Defendant, Plaintiff has suffered mental and physical injuries requiring medical treatment, as well as incurred substantial medical expenses and will continue to require and incur reasonable and necessary medical expenses due to her painful injuries.

29. As a direct and proximate result of the negligence and negligence *per se* of Defendant, Plaintiff is entitled to recover all special damages in an amount to be proved at trial.

30. As a direct and proximate result of the negligence and negligence *per se* of Defendant, Plaintiff is entitled to recover general damages including but not limited to Plaintiff's mental and physical pain and suffering and loss of capacity to enjoy life, past, present, and future.

31. Defendant has acted in bad faith, been stubbornly litigious, or has caused Plaintiff unnecessary trouble or expense. Plaintiff is therefore entitled to recover the expenses of litigation, including but not limited to attorney's fees.

**FOR A SECOND CAUSE OF ACTION**
**(Gross Negligence-as to Defendant)**

32. Plaintiff hereby incorporates by reference paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Defendant willfully failed to guard or warn patrons, including Plaintiff Sheridan Limehouse, against a dangerous condition, use, structure or activity; specifically, but not limited

ELECTRONICALLY FILED - 2024 Aug 05 4:05 PM - BERKELEY - COMMON PLEAS - CASE#2024CP0802139

to their failure to inspect, clean and remove the liquid substance located on the premises.

34. In doing so, Defendant failed to exercise the slightest care for the patrons of the store on September 28, 2021.

35. All times herein mentioned, Defendant was in control and custody of said premises.

36. Defendant's gross negligence proximately caused the injuries, losses and damages suffered by the Plaintiff.

37. Plaintiff Sheridan Limehouse sustained substantial and serious injuries, mental and physical, all of which have caused him extreme mental and physical pain and suffering, and he is entitled to recover from the Defendant for his past, present, and future pain and suffering.

38. As a direct and proximate result of the gross negligence and negligence *per se* of the Defendant, Plaintiff Sheridan Limehouse has suffered mental and physical injuries requiring medical treatment and will continue to suffer the following;

(e) Past, present, and future physical and mental pain and suffering;

(f) Past, present, and future loss of enjoyment of life;

(g) Past, present, and future loss of earnings and income; and

(h) Past, present, and future loss of ability to labor and earn money, as well as other damages.

39. Plaintiff Sheridan Limehouse should be awarded compensatory damages from the Defendant for his general and special losses in an amount to be determined according to the enlightened consciences of fair and impartial jurors.

40. As a direct and proximate result of the gross negligence and negligence *per se* of Defendant, Plaintiff Sheridan Limehouse has suffered mental and physical injuries requiring medical treatment, as well as incurred substantial medical expenses and will continue to require

**EXHIBIT 2**

ELECTRONICALLY FILED - 2024 Aug 05 4:05 PM - BERKELEY - COMMON PLEAS - CASE#2024CP0802139

and incur reasonable and necessary medical expenses due to his painful injuries.

41. As a direct and proximate result of the gross negligence and negligence *per se* of Defendant, Plaintiff Sheridan Limehouse is entitled to recover all special damages in an amount to be proved at trial.

42. As a direct and proximate result of the gross negligence and negligence *per se* of Defendant, Plaintiff Sheridan Limehouse is entitled to recover general damages including but not limited to Plaintiff's mental and physical pain and suffering and loss of capacity to enjoy life, past, present, and future.

43. Plaintiff Sherita Limehouse was, and remains, the lawful wife of Sheridan Limehouse. Mrs. Limehouse has suffered damages in the nature of lost companionship and consortium as a direct and proximate result of the Defendant's negligence.

44. Defendant has acted in bad faith, been stubbornly litigious, or have caused Plaintiffs unnecessary trouble or expense. Plaintiffs are therefore entitled to recover the expenses of litigation, including but not limited to attorney's fees.

**WHEREFORE**, Plaintiffs pray for a trial by jury and for the following:

(a) Judgment against the Defendant for joint and several liability and for actual and punitive damages in an amount to be determined by the jury;
(b) For the costs of this action; and
(c) For such other and further relief as this Court deems just and proper.

**EXHIBIT 2**

ELECTRONICALLY FILED - 2024 Aug 05 4:05 PM - BERKELEY - COMMON PLEAS - CASE#2024CP0802139

**THE EICHHOLZ LAW FIRM, P.C.**

By: __s/David S. Eichholz_____________
David S. Eichholz (SC Bar No. 78511)
319 Eisenhower Drive
Savannah, Georgia 31406
Tel.: (912) 232-2791 Fax: (912) 629-2560
david@thejusticelawyer.com
ATTORNEY FOR PLAINTIFFS

August 5, 2024
Savannah, Georgia